[756 NYS2d 753]

In the Matter of CHAIM HOWARD BERGLAS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 13, 2003

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Michael A. Gentile*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing two

charges of professional misconduct. In his amended answer, the respondent admitted all of the factual allegations contained in the petition. After a hearing, the Special Referee sustained both charges. The petitioner moves to confirm the report of the Special Referee. The respondent does not oppose the motion.

Charge One alleged that the respondent engaged in a pattern and practice of sharing legal fees with a nonlawyer, in violation of Code of Professional Responsibility DR 3-102 (22 NYCRR 1200.17) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). From 1996 through 1999, the respondent maintained an office for the practice of law at 2516 Avenue W, in Brooklyn. During the same period, that location also housed a translation business known as General Agency, Inc. (hereinafter General Agency), owned by Nelson Bloom, who is not an attorney. On May 20, 1996, Isaak Tankhilevitch retained the respondent to represent him in a deportation proceeding, and agreed to pay the respondent a fee of $1,500. Between May 1996 and January 1998, Tankhilevitch paid portions of the legal fee due to the respondent directly to Nelson Bloom and General Agency. Moreover, between 1996 and 1999, the respondent paid Nelson Bloom and/or the General Agency a portion of the legal fees received from over 200 other clients.

Charge Two alleged that the respondent improperly paid sums of money for the referrals of clients, in violation of Code of Professional Responsibility DR 2-103 (b) (22 NYCRR 1200.8 [b]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Nelson Bloom and/or General Agency referred clients to the respondent. Incident to those referrals, the respondent paid money to Nelson Bloom and/or General Agency.

At the hearing, the petitioner's case consisted of four exhibits. The respondent testified on his own behalf and called one character witness.

Since the facts are undisputed, the Special Referee properly sustained both charges.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that the primary purpose of discipline is to protect the public, that he fully and credibly explained his misconduct, which was limited to a single period very early in his career, that he had no venal intent, that he is remorseful, and that he does not constitute a threat to clients or the public. The respondent also asks the Court to consider the character testimony proffered at the hearing. The respondent contends that the imposition of a harsh penalty is not warranted, and asks the Court to impose

a sanction that does not impair his ability to practice law without interruption.

The respondent has no prior disciplinary history.

Under the totality of the circumstances, the respondent is censured for his professional misconduct.

PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and SCHMIDT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Chaim Howard Berglas, is censured for his professional misconduct.